United States District Court
Southern District of Texas
**ENTERED**
April 12, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the September 13, 2014 "Mayhem" Floyd Mayweather, Jr. v. Marcos Rene Maidana Fight Program, | § § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. H-17-2755 |
| TVD VENTURES, LLC, individually and d/b/a CLUB INDIGO a/k/a INDIGO a/k/a INDIGO MIDTOWN LOUNGE; and TRENTON DAVIS, individually and d/b/a CLUB INDIGO a/k/a INDIGO a/k/a INDIGO MIDTOWN LOUNGE, | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending and referred by the District Judge is Plaintiff's Motion for Final Default Judgment (Document No. 13). Having considered the motion, the Clerk's prior entry of Default against both Defendants (Document No. 14), Plaintiff's evidentiary submissions, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Plaintiff's Motion for Final Default Judgment (Document No. 13) be GRANTED.

Plaintiff J&J Sports Productions, Inc. filed suit against Defendants TVD Ventures, LLC, individually and d/b/a Club Indigo a/k/a Indigo a/k/a Indigo Midtown Lounge, and Trenton Davis. individually and d/b/a Club Indigo a/k/a Indigo a/k/a Indigo Midtown Lounge, alleging that Defendants illegally intercepted and showed the closed circuit telecast of the September 13, 2014 "Mayhem" Floyd Mayweather, Jr. v. Marcos Rene Maidana II WBC World Lightweight Championship Fight, including undercard and preliminary bouts (hereafter referred to as "the

Event") at Club Indigo a/k/a Indigo a/k/a Indigo Midtown Lounge, located at 2117 Chenevert Street, Suite N, Houston, Texas 77003.  Plaintiff further alleges that it is the "license company authorized to sub-license [the Event] at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas," and that Defendants showed the Event without Plaintiff's authorization and without paying the required licensing fee.   Both Defendants were served, but neither filed an Answer or other responsive pleading.  On February 20, 2018, upon Plaintiff's motion, the Clerk entered a default against both Defendants (Document No. 14).  Plaintiff now moves for a Final Default Judgment, seeking statutory damages under 47 U.S.C. § 605(e) in the amount of $10,000, additional damages in the amount of $50,000, and attorneys' fees.

### Default Standard(s)

FED. R. CIV. P. 55 sets forth the rules and procedures for both the entry of default against a party that has failed to plead or otherwise defend, and the subsequent entry of a default judgment. Under Rule 55(a), the entry of a default is required "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). Once a default has been entered, a default judgment may be entered by the Clerk or by the Court.

By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—may enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. FED. R. CIV. P. 55(b)(1).

By the Court. In all other cases when the amount of the claim is not certain and cannot be made certain, the party must apply to the Court for a default judgment. FED. R. CIV. P. 55(b)(2). A default judgment may be entered against a minor or incompetent person only if represented by a

"general guardian, conservator, or other like fiduciary who has appeared." *Id.* If the party or its representative, against whom default judgment is sought, has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. *Id.* Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. Tex. L.R. 5.5. The Court "may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate the judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." FED. R. CIV. P. 55(b)(2).

An entry of default judgment is within the court's discretion. *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d. 886, 893 (5th Cir. 1998). The Fifth Circuit has noted that the Federal Rules of Civil Procedure disfavor default judgments and that they should only be resorted to by courts in extreme situations. *Id.* ("The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver.")

Courts should consider the following factors when determining whether to enter default judgment: "whether material issues of fact are at issue, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Id.* Additionally, a court should consider: if the court has personal jurisdiction over the parties; whether the party against whom default judgment is sought was properly and timely served; if the party is a minor, incompetent, or is serving in the military; and

3

if the party failed to timely appear or otherwise file a responsive pleading pursuant to Fed. R. Civ.

P. 12(a)(1)(A). *See Lindig Construction & Trucking, Inc. v. Bonelli*, 2016 WL 8677200 (W.D. Tex.

2016).

If the court determines that default judgment should be granted, the court must also determine

the appropriate amount of damages. FED. R. CIV. P. 55(b)(2)(A)-(B) allows the court to conduct a

hearing for an accounting or to determine the amount of damages. Generally, a court should not

award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854,

857 (5th Cir. 1979).  However, the court has "wide latitude" to determine that damages capable of

"mathematical calculation" may be calculated without first holding a hearing. *Id.* at *3 (citing *James

v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). Moreover, a hearing is not necessary if the court finds

that the affidavits and other documentary evidence are sufficient to determine damages. *Am.

Heritage Life Ins. Co. v. Mitchell*, 6:15-cv-95, 2016 WL 3883029, at *3 (E.D. Tex. May 24, 2016).

Fed. R. Civ. P. 54(c) provides that a default judgment must not differ from or exceed what is

demanded in the pleadings. *Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.

2010).

### Discussion

Here, the record supports the entry of a Default Judgment against Defendants. The record

reveals no material issues of fact and the grounds for default are clearly established.  Plaintiff alleges

in its Complaint that Defendants violated 47 U.S.C. § 605 as follows:

> 12.  On September 13, 2014, Defendants willfully intercepted and/or received the
> interstate communication of the Event. In the alternative, Defendants assisted
> in the receipt of the interstate communication of the Event. Defendants then
> transmitted, divulged, and published said communication, or assisted in

4

transmitting, divulging, and publishing said communication, to patrons within the Establishment.

13. Defendants misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

14. Defendants enabled the patrons within the Establishment to view the Event to which neither Defendants nor the Establishment's patrons were entitled to do.

15. The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

16. Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

Complaint (Document No. 1) at 4. These well pleaded facts are deemed admitted by virtue of Defendants' failure to file a responsive pleading. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."); *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint").

Under 47 U.S.C. § 605,

No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was

intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

The facts alleged in Plaintiffs' Complaint, coupled with the evidence attached to the Motion for

Default Judgment, establish Defendants' violation of § 605 in connection with the interception and

transmission of the Event at their commercial establishment. Thomas P. Riley of the Law Office of

Thomas P. Riley, which was engaged by Plaintiff to assist it with "infringement matters," states as

follows in an Affidavit Plaintiff has submitted in support of its Motion for Default Judgment:

8.      On September 13, 2014, the night of the Event, my records indicate that three auditors observed the Event being telecast to the patrons of the Defendants' Establishment (specifically the bout between Floyd Mayweather, Jr. and Marcos Maidana and the bout between Miguel Vazquez and Mickey Bey). . . . Thus, my records indicate that on September 13, 2014, without authorization from Plaintiff and without paying the required commercial license fee to Plaintiff, Defendants intercepted and received or assisted in the interception and receipt of the transmission of the Event and broadcasted, or assisted in the broadcast of, the Event to the patrons of Defendants' Establishment.

9.      Because Defendants did not purchase the Event from Plaintiff and were not authorized to receive the Event, Plaintiff did not provide Defendants or Defendants' Establishment with any electronic decoding equipment, nor did Plaintiff provide Defendants or Defendants' Establishment with any satellite coordinates necessary to receive the signal to broadcast the Event. Plaintiff did not notify any cable or satellite provider providing service to Defendants' Establishment to unscramble the reception of the Event for the Establishment.

10.     In order for an unauthorized commercial establishment to receive a broadcast such as the Event, there must be some wrongful action, such as using an unauthorized decoder or satellite access card, obtaining cable or satellite service and illegally altering the cable or satellite service to bring the signal of the Event into the establishment, or moving an authorized decoder or satellite card from its authorized location to the commercial establishment. Defendants could not have obtained the transmission of the Event had Defendants not undertaken specific wrongful actions to intercept, receive and/or exhibit the telecast of the Event.

Affidavit of Thomas P. Riley, attached as Exhibit "A" to Plaintiff's Motion for Default Judgment (Document No. 13-1 at pp.7-8). Plaintiff is therefore, based on the allegations in the Complaint that are deemed admitted, along with the contents of Riley's affidavit, entitled to a default judgment establishing Defendants' liability for violating § 605.

As for Plaintiff's request for damages associated with that § 605 violation, because Plaintiff seeks statutory damages and because the evidence submitted by Plaintiff is sufficient for purposes of determining an appropriate statutory damages award, a hearing is not needed to resolve Plaintiff's Motion for Final Default Judgment. *See e.g., J&J Sports Productions, Inc. v. Bermudez*, Civil Action No. SA-17-CV-387-XR, 2017 WL 4448244 (W.D. Tex. Oct. 15, 2017) (concluding that where Plaintiff provided "detailed affidavits in support of its damages claims" an evidentiary hearing was not needed to determine damages under the Communications Act)

Under § 47 U.S.C. § 605(e)(3)(C)(i)(II), statutory damages are available to remedy a violation of § 605 as follows:

> (II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.

In addition, for violations that are considered to have been committed "willfully and for purposes of direct or indirect commercial advantage or private gain," § 605(e)(3)(C)(ii) provides for additional damages "of not more than $100,000 for each violation."

Here, Plaintiff seeks $10,000 in statutory damages, $50,000 in additional damages, and attorneys' fees. Having considered Plaintiff's evidentiary submissions, a reasonable and appropriate

statutory damages award would be $7,500; a reasonable and appropriate award of additional damages would be $15,000; and a reasonable award of attorneys' fees, based on a reasonable hourly rate of $250 for four hours of work, would be $1,000. Plaintiff's submissions show that the sub-licensing fee that would have been charged to Defendants (an establishment with a capacity of approximately 120 persons) for broadcast of the Event was $3,000.00 (Document No. 13-1 at 41). Plaintiff's submissions also show that the Event was shown at Defendants' Establishment on 2-4 televisions, that there were between 12 and 52 patrons in the Establishment between the hours of 8:30 and 10:50 p.m. (Document No. 13-1 at 20-21, 25-26, and 32-33), and that a "cover" charge of between $10.00 and $20.00 was charged for admission to the Establishment for the Event. There is no evidence of any quantifiable financial gain by Defendants, but there is some evidence that Defendants' patrons purchased drinks during the broadcast of the Event. There is no evidence that Defendants are repeat or habitual offenders of the Communications Act.

Based on the evidence in the record as to the sub-licensing fee Defendants would have had to pay to legally broadcast the Event, and the recognition that such a fee, standing alone, is insufficient to provide a deterrent effect, the Magistrate concludes that a reasonable statutory damages award would be $7,500, which is two and a half times the applicable sub-licensing fee. *See J&J Sports Productions, Inc. v. 4709 Inc.*, No. 1:16-CV-827-RP, 2017 WL 3037433 (W.D. Tex. July 17, 2017) ("this Court agrees with other courts that a reasonable award is around two to three times what would have been the cost had Defendants followed the law"). As for additional damages, because Riley states in his Affidavit that "Defendants could not have obtained the transmission of the Event had Defendants not undertaken specific, wrongful actions to intercept, receive and/or exhibit the telecast of the Event," (Document No. 13-1 at 8, ¶ 10), the Magistrate Judge concludes

that additional damages of $15,000 are warranted, which is twice the recommended statutory damages award. *See e.g. J&J Sports Productions, Inc. v. Dadson*, Civil Action H-16-2789, 2017 WL 3424981 (S.D. Tex. Aug. 9, 2017). Finally, the Magistrate Judge concludes that an attorneys' fee award based on Plaintiff's counsel's reasonable hourly rate of $250 for four hours of time he has expended on this case, is both appropriate and warranted. *E.g. Bermudez*, 2017 WL 4448244 *5 (awarding attorneys' fees of $1000); *4709 Inc.*, 2017 WL 3037433 at *5 (finding an award of $1,000 in attorneys' fees to be appropriate); *Dadson*, 2017 WL 3424981 at *3 ("Attorneys' fees will be awarded in the amount of $1,000 because the court finds that four hours of work at a blended rate of $250 is reasonable").

### Conclusion and Recommendation

As such, and for the reasons set forth above, the Magistrate Judge RECOMMENDS that Plaintiff's Motion for Final Default Judgment (Document No. 13) be GRANTED, and that a Final Default Judgment be entered against Defendants, with Plaintiffs being awarded $7,500 in statutory damages, $15,000 in additional damages, and $1,000 in attorneys' fees.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United*

9

*Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written

objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this _____ day of April, 2018.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

10